

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

July 28, 2023

**VIA ECF**

Hon. Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re: *Bristol Myers Squibb Company v. Becerra*, No. 23-cv-3335-ZNQ-JBD
           *Janssen Pharmaceuticals, Inc. v. Becerra*, No. 23-cv-3818-ZNQ-JBD

Dear Judge Quraishi:

     Defendants in the above-captioned matters, having conferred with counsel for Plaintiffs in both cases, write regarding the schedule in these two related cases, and in response to Plaintiff Bristol Myers Squibb's letter of July 21, *Bristol Myers Squibb* ECF No. 26.

     As explained in Bristol Myers Squibb's letter of July 21, *Bristol Myers Squibb* was originally assigned to Judge Kirsch. In that case, all parties previously agreed to propose, subject to the Court's approval: (1) a schedule for briefing cross-motions for summary judgment, (2) waiver of Defendants' obligation to answer or otherwise respond to the complaint, (3) waiver of Local Civil Rule 56.1(a)'s requirement that motions for summary judgment be accompanied by separate statements of material fact, and (4) additional pages for each brief. *See* Stipulation & Proposed Order, *Bristol Myers Squibb* ECF No. 13. That stipulation and proposed order was not entered by Judge Kirsch.

     Shortly after the parties in *Bristol Myers Squibb* reached the agreement above, a new case was filed in this District and assigned to this Court: *Janssen Pharmaceuticals, Inc. v. Becerra*, No. 23-cv-3818-ZNQ-JBD. Both *Janssen* and *Bristol Myers Squibb* are constitutional challenges to the same statutory scheme, and the Plaintiff in *Janssen* designated that case as "related" to *Bristol Myers Squibb* under Local Civil Rule 40.1(c). *See* Civil Cover Sheet, *Janssen* ECF No. 1-1. *Bristol Myers Squibb* was then reassigned to this Court.

     All parties in both cases have now conferred, and agree that these cases present sufficiently similar legal questions about the constitutionality of a federal statute that can—and should—be resolved through coordinated dispositive motions, without the need for discovery. Accordingly, all parties have agreed to propose the following, omnibus schedule for briefing cross-motions for summary judgment in these two related cases (which supersedes the parties' prior agreement in *Bristol Myers Squibb*):

- **August 16:** Plaintiffs' motions for summary judgment (one brief for each Plaintiff, not to exceed 40 pages each)

- **October 16:** Defendants' combined opposition and cross-motion for summary judgment (one combined brief, not to exceed 80 pages, to be filed on the docket in both cases)

- **November 10:** Plaintiffs' combined replies in support of their motions for summary judgment and oppositions to Defendants' cross-motion for summary judgment (one combined brief for each Plaintiff, not to exceed 40 pages each)

- **December 8:** Defendants' reply in support of their cross-motion for summary judgment (one brief, not to exceed 30 pages, to be filed on the docket in both cases)

The parties believe that this schedule will allow for an efficient resolution of these issues by the Court and will limit unnecessary repetition. The parties further believe that the page limits proposed above will allow for a full airing of these important legal issues, and allow Defendants to simultaneously respond to briefing and argument from different Plaintiffs filing separate briefs (to which Defendants would otherwise be entitled to respond separately, using the same number of pages, per Local Civil Rules 7.2(b) and 7.1(h)). For similar reasons, the parties believe that there is good cause to grant leave to file reply briefs, on the schedule above, under Local Civil Rule 7.1(h). Finally, because these cases concern the facial constitutionality of a federal statute, the parties have also agreed to respectfully request that the Court dispense with (1) Local Civil Rule 56.1(a)'s requirement that motions for summary judgment be accompanied by separate statements of material facts, and (2) Defendants' obligation to file an answer to the complaints.

Before filing this letter, Defendants shared a copy with counsel for Plaintiffs, who confirmed that Defendants are authorized to make this proposal on behalf of all parties. If the Court, however, would prefer that the parties submit a formal stipulation or joint motion, or proceed through another procedural mechanism, the parties stand ready to proceed in whatever manner the Court directs. For the Court's convenience, a jointly proposed order is attached, on behalf of all parties.

Dated: July 28, 2023                            Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                PHILIP R. SELLINGER
                                                United States Attorney

                                                MICHELLE R. BENNETT
                                                Assistant Branch Director

                                                */s/ Stephen M. Pezzi*
                                                STEPHEN M. PEZZI
                                                 Senior Trial Counsel
                                                ALEXANDER V. SVERDLOV
                                                CHRISTINE L. COOGLE
                                                 Trial Attorneys
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, NW

                                        Washington, DC 20005  
                                        Tel: (202) 305-8576  
                                        Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*